IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS J. SHESKEY,

                              Plaintiff,                    OPINION AND ORDER

        v.                                                   12-cv-488-wmc

MADISON METROPOLITAN
SCHOOL DISTRICT,

                       Defendant.

---

In this civil action, plaintiff Dennis J. Sheskey, proceeding *pro se*, alleges that defendant Madison Metropolitan School District discriminated against him because of his youth. Specifically, Sheskey claims that restricting certain Madison School and Community Recreation classes to individuals 50 years old or older violates the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*[1] Before the court is defendant's motion to dismiss (dkt. #5) on two grounds: (1) insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5); and (2) claim preclusion bars Sheskey's ADA claim. For the reasons that follow, the court will deny defendant's motion.

BACKGROUND

I.  **Service of Process**

        Sheskey filed the present complaint on July 9, 2012. (Dkt. #1.) On July 11, 2012, the court directed plaintiff to serve the complaint and issues a summons. (Dkt.

---

[1] While Sheskey complains of age discrimination generally, the court construes his claim as one arising under federal law.

##2-3.)  On August 7, 2012, Sheskey filed a copy of a certified mail receipt and a letter dated July 5, 2012, to Barbara Lehman at Madison Metropolitan School District, which provides: "Per our conversation of the other day, enclose[d] is my complaint against MMSD.  Please feel free to contact me.  Thank you for your assistance."  (Dkt. ##4, 4-1.)  Plaintiff's August 7, 2012, submission also included a letter to the court indicating that he was enclosing "proof of service."  (Dkt. #4-2.)  Sheskey indicated that he had (1) "called to insure the complain[t] was addressed to the correct person," and (2) included "various supporting USPS documentation."  (Dkt. #4-3.)

Barbara Lehman, the administrative assistant to the Board of Education for the Madison Metropolitan School District, submitted a declaration, in which she acknowledged a conversation with a person who she believes to have been Dennis Sheskey on or about July 24, 2012.  (Declaration of Barbara Lehman ("Lehman Decl.") (dkt. #7) ¶ 3.)  Lehman also acknowledges that "[a] copy of the summons and complaint in this matter was sent to me by certified mail, return receipt requested.  I do not know the exact date the mail arrived . . . .  I came across the certified letter, opened it, and took it to legal counsel.  I did not sign for the letter."  (*Id.* at ¶ 4.)


## II. Earlier Age Discrimination Lawsuit

In 2006, Sheskey filed a complaint in this court against defendant alleging violations of the Age Discrimination Act of 1975, American Disabilities Act, the Rehabilitation Act and the equal protection clause of the United States Constitution. *Sheskey v. Madison Metro. Sch. Dist.*, No. 06-cv-764 (W.D. Wis. Dec. 28, 2006).  Judge

Crabb granted summary judgment to defendant, finding (1) "defendant's refusal to allow plaintiff to register for a class offered as part of its 50+ Fitness Program did not violate the Americans with Disabilities Act, the Rehabilitation Act or the equal protection clause of the United States Constitution," and (2) "plaintiff did not provide proper notice with respect to his Age Discrimination claim." *Sheskey v. Madison Metro. Sch. Dist.*, No. 06-cv-764, slip op. at 2 (W.D. Wis. Sept. 26, 2007).[2]

OPINION

## I.   Rule 12(b)(5) Motion

Defendant argues, and plaintiff effectively concedes, that plaintiff's attempted service by mail -- absent waiver pursuant to Fed. R. Civ. P. 4(d) -- does not meet the requirements of service. Still, the fact that plaintiff's attempt *to date* failed does not mean that dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is warranted.

Federal Rule of Civil Procedure 4(m) governs the time limit in which service must occur and the possible consequences of failing to do so, and provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

After receipt of the present motion, Sheskey apparently attempted to secure a waiver of personal service. While pro se litigants must follow court rules, the court finds good

---

[2] Although unnecessary, the court grants defendant's motion to take judicial notice of this opinion.

cause for plaintiff's failure here.  As such, the court must extend the time for service. Fed. R. Civ. P. 4(m); *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996) ("[W]here good cause is shown, the court has no choice but to extend the time for service.").

Even absent a showing of good cause, it is still within the court's discretion to extend the deadline.  *See Henderson v. United States*, 517 U.S. 654, 662-63 n.10 (1996). In determining whether to extend the deadline, the court is to consider:

> (1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served.

*Cardenas v. City of Chi.*, 646 F.3d 1001, 1006 (7th Cir. 2011).  Once alerted to the problem, plaintiff mailed a waiver of service to defendant and defendant's counsel on September 11, 2012.  This attempt at service occurred within the 120 day period provided under Rule 4(m).  This fact, coupled with the fact that defendant had actual notice of the lawsuit and was able to defend against it, warrants an extension.

In filings dated February 19, 2013, defendant recently informed the court that plaintiff had not served the summons and complaint as of that date and defendant had refused to waive service.  (Def.'s Br. in Support of Suppl. Mot. to Dismiss (dkt. #13) 1.) While the court is puzzled by defendant's continued refusal to waive service, it is *its* choice.  **If Mr. Sheskey wishes to continue this lawsuit, he *must* serve defendant with the complaint and summons in this lawsuit consistent with requirement of Federal Rule of Civil Procedure 4 on or before August 1, 2013.  Once service is**

4

complete, Sheskey shall file proof promptly with the court.  Failure to do so will result in the dismissal of this lawsuit.


## II. Claim Preclusion

Defendant also moves to dismiss Sheskey's claim as barred by the doctrine of claims preclusion.  "[T]he doctrine of claim preclusion or res judicata bars a party from asserting a claim that has already been resolved in another lawsuit between the same parties or those in privity with them, and the doctrine reaches both claims that were actually asserted in an earlier lawsuit and those that could have been asserted but were not."  *Russian Media Group, LLC v. Cable America, Inc.*, 598 F.3d 302, 310 (7th Cir. 2010).  The three requirements of claim preclusion under federal law are: (1) an identity of parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits.  *See Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir. 2002).  When these elements are satisfied, the judgment in the earlier suit bars further litigation of issues that were either raised or could have been raised therein.  *See Rizzo v. Sheahan*, 266 F.3d 705, 714 (7th Cir. 2001).

Defendant contends that Judge Crabb's dismissal of Sheskey's 2006 action precludes any claim in this lawsuit.  Counsel for the defendant School District, who also represented defendant in Sheskey's 2006 action, failed to attach the opinion to the School District's motion.  In response, Sheskey argues that claim preclusion should not be applied because Judge Crabb did not reach the merits of his Age Discrimination Act

claim in that case, instead dismissing it because Sheskey failed to provide proper notice of his claim.

In reply, defendant concedes that Sheskey "may have a point" with respect to an Age Discrimination Act claim -- the only claim plaintiff appears to allege.  (Def.'s Reply (dkt. #11) 4.)  The caselaw, however, does not back up defendant's concession.  "A decision by a federal court that a statute of limitations or an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion."  *Kratville v. Runyon,* 90 F.3d 195, 198 (7th Cir. 1996) (citing *Reinke v. Boden,* 45 F.3d 166, 168 (7th Cir.), *cert. denied*, 516 U.S. 817 (1995); *Shaver v. F.W. Woolworth Co.*, 840 F.2d 1361, 1365 (7th Cir. 1988)).

Still, the fact that Sheskey failed to provide proper notice before his 2006 action does not necessarily bar his claim here.  The Age Discrimination Act claim in this lawsuit may arise out of a different, more recent denial than the basis of his 2006 claim.  As such, Judge Crabb's prior finding that Sheskey did not meet the notice requirement does not bar litigation of this purported new cause of action.  The pleading is sufficient at this stage to go forward; but, on a more complete record, the School District may pursue preclusion again at summary judgment.[3]

---

[3] The court also will not consider the issues raised by defendant in a cursory fashion in its reply brief in support of its motion to dismiss.  To the extent that these arguments have any merit, defendant should have raised and developed them in its opening brief.

ORDER

IT IS ORDERED that defendant Madison Metropolitan School District's motion to dismiss (dkt. #5) and supplemental motion to dismiss (dkt. #12) are both DENIED.

Entered this 22nd day of July, 2013.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

7