IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS J. SHESKEY,

                              Plaintiff,                         OPINION AND ORDER

v.

                                                                            12-cv-488-wmc

MADISON METROPOLITAN
SCHOOL DISTRICT,

                              Defendant.

---

In this civil action, plaintiff Dennis J. Sheskey, proceeding *pro se*, alleges that defendant Madison Metropolitan School District discriminated against him based on age by restricting certain Madison School and Community Recreation classes to individuals 50 years old or older in violation of the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.*[1] Before the court is defendant's *second* motion to dismiss because of insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5). (Dkt. #18.) Once again, it seems Sheskey has failed to serve the complaint and summons as required by Fed. R. Civ. P. 4. Still, the court finds that a second extension of the time to serve is warranted because (1) the statute of limitations would likely bar refiling, (2) defendant had actual notice of the lawsuit, and (3) plaintiff's status as a pro se litigant. The court, therefore, will provide Sheskey one last opportunity to perfect service.

---

[1] While Sheskey complains of age discrimination generally, the court construes his claim as one arising under federal law.

BACKGROUND

Sheskey filed the present complaint on July 9, 2012. (Dkt. #1.) On July 11, 2012, the court directed plaintiff to serve the complaint and issued a summons. (Dkt. ##2-3.) Sheskey initially, erroneously attempted to serve defendant by certified mail, but defendant moved to dismiss for improper service of process. The court denied the motion at that time, while providing Sheskey a deadline to perfect service:

> **If Mr. Sheskey wishes to continue this lawsuit, he *must* serve defendant with the complaint and summons in this lawsuit consistent with requirement of Federal Rule of Civil Procedure 4 on or before August 1, 2013. Once service is complete, Sheskey shall file proof promptly with the court. Failure to do so will result in the dismissal of this lawsuit.**

(7/22/13 Op. & Order (dkt. #15) 4-5 (emphasis in original).)

On or about August 1, 2013, Sheskey's wife Li-Chuang L. Sheskey attempted service on the Superintendent of the Madison Metropolitan School District. Li-Chuang Sheskey left the complaint with Taryn Soza, a bilingual administrative assistant employed in the public information department of the Madison Metropolitan School District, located in room 100 of the District's office located 545 W. Dayton St., Madison, WI. Li-Chuang Sheskey indicated to Soza that she had a letter for the superintendent and requested a signature to acknowledge receipt, which Soza provided. Soza then walked the envelope to the Superintendent's office and handed it to Judith Castro-Romaker, executive assistance to the Superintendent. Castro-Romaker opened the envelope, reviewed its contents and forwarded the documents to the District's Office of Legal Services. The enclosed documents contained the summons for this action and

the first and last page of the complaint, with the second page containing the factual allegations missing.

OPINION

Federal Rule of Civil Procedure Rule 4(j) describes the requirements for service of process on a local governmental entity:

> **(2) *State or Local Government.*** A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
>
> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant.

Fed. R. Civ. P. 4(j)(2). As contemplated by Rule 4, a plaintiff may also look to state law for proper service of process:

> **(4) Other political corporations or body politic.** (a) Upon a political corporation or other body politic, by personally serving any of the specified officer, directors, or agents:
>
> . . .
>
> 6. If against a school district or school board, the president or clerk thereof[.]
>
> . . .
>
> (b) In lieu of delivering the copy of the summons to the person specified, the copy may be left in the office of such officers, director, or management agent with the person who is apparently in charge of the office.

Wis. Stat. § 801.11(4).

Even if Soza was "apparently in charge of the office," and even if the office was the office of the Superintendent (rather than the office of the public information department), there is no dispute that Sheskey attempted to serve the District's Superintendent, rather than its President or Clerk. A simple search of the Madison Metropolitan School District's website reveals that Ed Hughes is the President of the School Board and Mary Burke is the Clerk, neither of whom are the Superintendent. Madison Metropolitan School District, Board of Education, https://boeweb.madison.k12.wi.us/ (last visited Dec. 17, 2013).

Perhaps the Superintendent would constitute the "chief executive officer" as contemplated by Rule 4(j)(2)(a), but this subsection of Rule 4 (somewhat anomalously) requires *personal* service, as compared to service on an individual under Rule 4(e), which also allows for service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *See Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 933 (7th Cir. 2002) ("Rule 4 provides two methods for serving a state or local government organization: delivering a copy of the complaint and summons to the organization's chief executive officer, or serving the complaint and summons in the manner prescribed by state law for serving such an organization.").[2]

---

[2] For reasons which are not entirely clear, service on a state or local government chief executive under Rule 4(j)(2)(A) is more restrictive than service on an individual. Perhaps, it is in recognition of the uncertainties of service on public entities with both political and administrative branches and multiple officers; a matter of deference, comity, or added protection for state and local entities before hauling them into federal court; or simply an oversight. Still, the absence of any other alternative for accomplishing service under Rule 4(j)(2)(A) is stark by comparison to the rest of Rule 4. Moreover, court's

Here, the summons and complaint were not delivered personally to the superintendent, but rather left with a person in the office next to her office. Moreover, as set forth above, Sheskey's service appears incomplete and haphazard at best. Sheskey's second attempt at service, therefore, fails to meet the requirements of Rule 4.

As the court described in its previous opinion, the fact that plaintiff's attempts *to date* failed does not mean that dismissal pursuant to Fed. R. Civ. P. 12(b)(5) is necessarily warranted. Federal Rule of Civil Procedure 4(m) governs the time limit in which service must occur and the possible consequences of failing to do so, and provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

While the court found good cause for Sheskey's first failed attempt at service, Sheskey has failed to provide good cause for his second failure. Even if his wife's belief that Tonya Soza was "apparently in charge of the office" was reasonable, attempted service by leaving an incomplete copy of the complaint with someone at one of the school district's

---

appear to have consistently required actual, personal service on the chief executive officer of state and local entities. *See* 1 James Wm. Moore, *Moore's Fed. Practice* § 4.58[1] (3d ed. 2013) (collecting cases). Of course, this constraint is relieved under Rule 4(j)(2)(B), which allows for service under Wisconsin law by leaving a copy of the summons "with the person who is apparently in charge of the office." Wis. Stat. § 801.11(4). In this case, that would have been the office of the "President or Clerk" of the school district.

offices for the Superintendent, rather than at the office of its President or Clerk as required by state statute, was not.

Even absent a showing of good cause, it is still within the court's discretion to extend the deadline. *See Henderson v. United States*, 517 U.S. 654, 662-63 n.10 (1996). In determining whether to extend the deadline, the court is to consider:

> (1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served.

*Cardenas v. City of Chi.*, 646 F.3d 1001, 1006 (7th Cir. 2011).

Although a much closer question the second time around, these factors weigh somewhat in favor of providing Sheskey with one last opportunity to perfect service. While the School District still refuses to waive service of process -- which is its prerogative -- there is no indication that defendant has attempted to evade service. Even so, defendant has had actual notice of the lawsuit as evidenced by defendant's appearance and its filing of three motions to dismiss. Moreover, and perhaps most critically, the statute of limitations may bar Sheskey from refiling. Under the ADEA, a civil action must be brought "within 90 days after the date of the receipt of such notice." 29 U.S.C.A. § 626. Sheskey attached a portion of a letter from the United States Department of Education, Office for Civil Rights in response to defendant's first motion to dismiss. (Pl.'s Opp'n to 1st Mot. to Dismiss, Ex. 1 (dkt. #9-1).) This letter is dated May 29, 2012, and it appears to provide notice to Sheskey of his right to sue, starting the 90-day clock under the ADEA (though it is not entirely clear given the missing page

or pages). Finally, there is the court's own practice of showing some leniency to *pro se* litigants, at least on close calls.

Accordingly, Sheskey may have one last opportunity to perfect service. Still, even *pro se* plaintiffs who wish to seek access to federal courts must play by its rules. *See Dale v. Poston*, 548 F.3d 563, 568 (7th Cir. 2008) ("Judges, of course, must construe pro se pleadings liberally. But procedural rules cannot be ignored.") (internal citation omitted). The consequence of Sheskey not doing so again will be dismissal of his lawsuit.

ORDER

IT IS ORDERED that defendant Madison Metropolitan School District's motion to dismiss (dkt. #18) is DENIED.

IT IS FURTHER ORDERED that **Sheskey *must* serve defendant with the complaint and summons in this lawsuit consistent with requirement of Federal Rule of Civil Procedure 4 on or before December 31, 2013. Once service is complete, Sheskey shall file proof promptly with the court. Failure to do so will result in the dismissal of this lawsuit. No further opportunities under Rule 4(m) will be provided.**

Entered this 17th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge