IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS J. SHESKEY,

                      Plaintiff,                      ORDER

v.

                                                    12-cv-488-wmc

MADISON METROPOLITAN
SCHOOL DISTRICT,

                      Defendant.

---

Before the court is defendant Madison Metropolitan School District's motion to compel answers to interrogatories and production of documents. (Dkt. #31.) As detailed in defendant's submission, plaintiff Dennis J. Sheskey, proceeding *pro se*, improperly relied on Fed. R. Civ. P. 33(d) -- which provides an option of specifying records which may be reviewed to determine an answer to an interrogatory -- in responding to these discovery requests. After receiving Sheskey's initial responses, defendant sent him a letter, explaining both this deficiency and Sheskey's failure to provide his answers under oath, and included copies of the relevant rules in that response. (Declaration of Sarah B. Painter, Ex. D (dkt. #33-4).) In that letter, defendant also warned Sheskey of its intent to file a motion to compel if he failed to answer adequately the discovery requests within one week.

Sheskey's second response was an improvement: he indicated his inability to recall certain information and also directed defendant to the docket of another case plaintiff brought against the defendant, defendant's legal counsel's records, and records

of the Office of Civil Rights. (*Id.*, Ex. E (dkt. #33-5).) Still, Sheskey failed to respond under oath, and, more importantly, continued to rely on Rule 33(d) in responding to the interrogatories and requests for production.

In response to the motion to compel, Sheskey contends that the interrogatories are "clearly to harass" him and that is "implausible" both that defendant does not have the very information it seeks to discover and that plaintiff would have these documents in his records or be able to recall the specifics requested. (Pl.'s Opp'n (dkt. #36) 1-2.) Specifically, Sheskey balks at "having to search PACER to review prior court filings," or "request his case from the EEOC." (*Id.* at 1.)

Plaintiff cannot rely on Rule 33(d) in an attempt to shift defendant's discovery requests back to defendant. *See, e.g.*, *Circuit Check Inc. v. QxQ Inc.*, No. 12-C-1211, 2013 WL 6153234, at *4 (E.D. Wis. Nov. 20, 2013) ("The Rule, which provides an exception to the normal process of answering interrogatories, requires the answer to be manifest in the records such that the answer to the interrogatory 'may be determined.'"). Defendant is simply seeking information plaintiff has available to better understand his claims; there is nothing impermissible generally about the nature of the requests, nor is the scope of the questions so broad as to suggest that the discovery is intended to harass him. To the extent that plaintiff does not recall the information requested, or does not have the documents in his possession, custody or control, he should clearly state so under oath. Plaintiff is warned, however, that if he states that he does not recall or does not have the necessary documents, he will be stuck with those responses in attempting to prove his claims. The fact that plaintiff is proceeding *pro se* does not alter his duty to

engage in good faith in discovery. *See Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 664-66 (7th Cir.2006) (explaining that *pro se* plaintiff's disregard for discovery deadlines and refusal to schedule deposition justified dismissal).

Accordingly, the court will grant defendant's motion to compel, requiring plaintiff to respond to defendant's first set of interrogatories and requests for production. The court, however, will not require plaintiff to pay defendant's expenses and attorney's fees for bringing this motion, finding such an order unjust under Fed. R. Civ. P. 37(a)(5)(A)(iii). Plaintiff should not expect such forbearance from the court in the event defendant files and prevails on any more discovery motions. Further, if plaintiff fails to obey this order, the court may dismiss this action as a sanction. Fed. R. Civ. P. 37(b)(2)(A).

## ORDER

IT IS ORDERED that defendant Madison Metropolitan School District's motion to compel (dkt. #31) is GRANTED as follows: on or before May 22, 2014, plaintiff Dennis J. Sheskey shall respond to defendant's first set of interrogatories and request for production of documents. In all other respects, the motion is DENIED.

Entered this 8th day of May, 2014.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge