IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DENNIS J. SHESKEY,

|                          |                          |
|--------------------------|--------------------------|
| Plaintiff,               | OPINION AND ORDER        |
| v.                       | 12-cv-488-wmc            |

MADISON METROPOLITAN
SCHOOL DISTRICT,

Defendant.

---

Proceeding *pro se*, plaintiff Dennis J. Sheskey filed this lawsuit against defendant Madison Metropolitan School District, alleging that he was denied enrollment in a senior fitness program restricted to individuals 50 years old or older in violation of the Age Discrimination Act of 1975, 42 U.S.C. § 6101 *et seq.* Both plaintiff and defendant have filed motions for summary judgment in their favor. (Dkt. ##38, 44.) For reasons set forth below, the court will deny both parties' motions for summary judgment on grounds of mootness and dismiss this case for lack of subject matter jurisdiction.

UNDISPUTED FACTS

The court finds the following facts material and undisputed, unless otherwise noted.

A. **Overview of the Goodman-Rotary 50+ Fitness Program**

Sheskey is a 50-year old resident of Madison, Wisconsin. Madison Metropolitan School District ("MMSD") offers recreational programs and "enrichment opportunities" for children and adults in the Madison metropolitan area through its Madison School and

1

Community Recreation ("MSCR") department.   One of the programs offered by MSCR is the Goodman-Rotary 50+ Fitness Program.

The 50+ Fitness Program is operated through a partnership with the Madison Rotary Foundation and the Goodman Rotary Board.   The program was established through an endowment by Irwin and Robert Goodman for the purpose of supporting senior nutrition and fitness programs.[1]   In particular, the 50+ Fitness Program was developed based on scientific research demonstrating that physical activity is a necessary component of successful aging in senior adults.[2]   The 50+ Fitness Program expressly defines "senior adults" as limited to adults age 50 and over.[3]

The 50+ Fitness Program established its age-based eligibility requirement based on Madison General Ordinance § 3.23(5)(c), which permits public accommodations and amusements to offer special services to people age 50 and over, as well as on the age-based eligibility requirement for membership in the American Association of Retired Persons.[4] The classes offered by the 50+ Fitness Program are specifically designed to accommodate a wide range of physical abilities, disabilities, fitness levels, physical limitations and conditions such as arthritis, loss of strength, and loss of flexibility.[5]   These physical limitations and conditions are more prevalent in senior adults.[6]   Accordingly, MMSD

---

[1] Dkt. # 43, *O'Leary Aff*. at ¶¶ 7, 8, 10, & Exh. B, Goodman–Madison Rotary Foundation 50+ Fitness Program Restated Operating Rules and Guidelines.
[2] Dkt. # 43, *O'Leary Aff*. at ¶ 7.
[3] Dkt. # 43, *O'Leary Aff*. at ¶ 11.
[4] Dkt. # 43, *O'Leary Aff*. at ¶ 7.
[5] Dkt. # 43, *O'Leary Aff*. at ¶ 14.
[6] Dkt. # 43, *O'Leary Aff*. at ¶ 15.

uses the age-based eligibility requirement for the 50+ Fitness Program as an approximation of these characteristics.[7]

### B.  Sheskey's Application

In August of 2005, Sheskey submitted a registration form for a fitness class offered through the 50+ Fitness Program entitled "Arthritis Joint Effort Aquatic Exercise."[8] Sheskey was 41 years of age when he applied for enrollment in this class.[9]  Because Sheskey was under the age of 50 at the time, an MSCR employee informed him that he did not qualify for enrollment in the 50+ Fitness Program.[10]  Instead, the employee suggested that Sheskey enroll in a water fitness class offered to adults age 18 and older.[11] Sheskey declined.[12]

### C.  Administrative Challenge and Prior Lawsuit

In December of 2005, Sheskey filed a complaint against MMSD with the U.S. Department of Education, Office for Civil Rights ("OCR").[13]  In that complaint, Sheskey alleged that MMSD refused to enroll him in the 50+ Fitness Program in August 2005 based on his age and disability, in violation of the Age Discrimination Act of 1975 and

---

[7] Dkt. # 43, *O'Leary Aff.* at ¶ 16.
[8] Dkt. # 43, *O'Leary Aff.* at ¶ 48.
[9] Dkt. # 43, *O'Leary Aff.* at ¶ 50.
[10] Dkt. # 43, *O'Leary Aff.* at ¶ 52.
[11] Dkt. # 43, *O'Leary Aff.* at ¶ 52.
[12] Dkt. # 43, *O'Leary Aff.* at ¶ 53.
[13] Dkt. # 42, *Pauly Aff.* at ¶ 7 & Exh. A.

Title II of the Americans with Disabilities Act, respectively.[14]   OCR closed that case on March 1, 2006, after determining that Sheskey's complaint did not state a viable claim under any facts that one of the laws OCR enforces even if the facts as stated were true.[15]

In July of 2006, Sheskey filed a second complaint with OCR based on the same allegations of age discrimination.[16]   He also filed a lawsuit against MMSD in the Western District of Wisconsin in December of 2006, raising claims of age and disability discrimination in violation of the Age Discrimination Act, Section 504 of the Rehabilitation Act of 1973, and Title II of the Americans with Disabilities Act.   *See Sheskey v. Madison Metro. Sch. Dist.*, No. 06-cv-764-bbc (W.D. Wis. filed Dec. 28, 2006). After this lawsuit was filed, OCR closed its proceedings on his second complaint, pending the outcome of his federal lawsuit against MMSD.[17]

In September of 2007, this court granted MMSD's motion for summary judgment after concluding that MMSD's refusal to allow Sheskey to register for a class offered as part of its 50+ Fitness Program did not violate the Americans with Disabilities Act, the Rehabilitation Act or the Equal Protection Clause of the United States Constitution.   In doing so, the district court found that the 50+ Fitness Program's age requirements are legitimate and reasonable:

> In this case, defendant's age requirements pass muster.   Defendant has adduced evidence that senior adults face greater risks of certain health programs and the risks are reduced by regular exercise.   Assisting senior adults in avoiding health problems is a legitimate goal.   To this end,

[14] Dkt. # 42, *Pauly Aff.* at ¶ 8 & Exh. A.
[15] Dkt. # 42, *Rohrer Aff.* Exh. G, Letter from OCR dated May 29, 2012, at 1.
[16] Dkt. # 42, *Pauly Aff.* at ¶ 9 & Exh. B.
[17] Dkt. # 42, *Pauly Aff.* at ¶ 12 & Exh. E.

defendant limits access to some of its offered classes to people whom it categorizes as senior adults. It provides specialized fitness classes to senior adults because the classes can be tailored to the health needs of older people. These health problems would be impractical and intrusive to identify on a person-by-person basis. Defendant identifies senior adults as individuals who are at least 50 years old. It bases this requirement on Madison ordinances and the eligibility requirements for membership in the American Association of Retired Persons. Defendant's age restrictions are reasonable. Therefore, defendant's motion for summary judgment will be granted on this claim as well.[18]

With respect to Sheskey's claim under the Age Discrimination Act, the district court further observed as follows:

> Although the language of the statute is broad on its face, if plaintiff's interpretation is correct, then thousands of programs designed to assist older Americans are invalid because they exclude younger people. National parks would be prohibited from offering a reduced fee "Senior" pass to older Americans; retirement communities that receive federal funding would be required to admit people of all ages. This is an anomalous result. Therefore, it is not surprising that regulations interpreting the statute reject this outcome explicitly. 34 C.F.R. § 110.16 ("If a recipient operating a program or activity provides special benefits to the elderly or children, the use of age distinctions is presumed to be necessary to the normal operating of the program or activity, notwithstanding the provisions of § 110.12.").[19]

Ultimately, however, the court declined to reach the merits of Sheskey's claim under the Age Discrimination Act, noting that Sheskey failed to provide proper notice before commencing his action in federal district court.[20]

## D. Post-Lawsuit Events and Pending Lawsuit

After the district court dismissed his case against MMSD, he made no further attempt to enroll in any MSCR program.[21]  More than four years later, on May 29, 2012,

---

[18] Dkt. # 42, *Pauly Aff*. Exh. F, *Opinion and Order* in Case No. 06-cv-764-bbc, at 14.
[19] Dkt. # 42, *Pauly Aff*. Exh. F, *Opinion and Order* in Case No. 06-cv-764-bbc, at 8.

the OCR did send Sheskey a formal letter denying his second complaint filed in July 2006 and stayed pending his federal lawsuit.  That letter noted that OCR dismissed Sheskey's original discrimination complaint because the age requirements of MMSD's 50+ Fitness Program were reasonable and did not violate the Age Discrimination Act.  In rejecting Sheskey's claim for the second time, the OCR again concluded that the age restrictions in the MSCR 50+ Fitness Program were reasonable and appropriate.[22]  The letter further noted that the OCR's decision was upheld on appeal before the Regional Director in Chicago.[23]  Therefore, Sheskey had "exhausted all avenues of reconsideration within the U.S. Department of Education."[24]

In July 2012, Sheskey filed the pending lawsuit against MMSD in this case, alleging that the refusal to enroll him in the MSCR 50+ Fitness Program in August 2005 was for no other reason than his age.  Thus, the court interprets his complaint to raise a claim under the Age Discrimination Act.  (Dkt. # 26, at 1.)  MMSD now moves for summary judgment, arguing, among other things, that Sheskey's claim is moot.

## OPINION

The purpose of summary judgment is to determine whether the parties have gathered and can present enough evidence to support a jury verdict in their favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Albiero v. City of Kankakee*, 246

---

[20] Dkt. # 42, *Pauly Aff.* Exh. F, *Opinion and Order* in Case No. 06-cv-764-bbc, at 9.
[21] Dkt. # 41, *Rohrer Aff.* Exhs. B, C & D, Plaintiff's Responses to Interrogatories.
[22] Dkt. # 42, *Rohrer Aff.* Exh. G, Letter from OCR dated May 29, 2012, at 3, n1.
[23] Dkt. # 42, *Rohrer Aff.* Exh. G, Letter from OCR dated May 29, 2012, at 2.

F.3d 927, 932 (7th Cir. 2001). Summary judgment is appropriate if there are no genuinely disputed material facts, and if on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The applicable substantive law will dictate what facts are material. *Darst v. Interstate Brands Corp*., 512 F.3d 903, 907 (7th Cir. 2008). A factual dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248; *Roger Whitmore's Auto. Serv., Inc. v. Lake County, Ill*., 424 F.3d 659, 667 (7th Cir. 2005).

In determining whether a genuine issue of material fact exists, the court must construe all facts in favor of plaintiff, as the nonmoving party. *Schuster v. Lucent Technologies, Inc*., 327 F.3d 569, 573 (7th Cir. 2003). Even so, plaintiff may not simply rest on the allegations in his complaint; rather, he must respond by presenting specific facts that would support a jury's verdict in his favor on his claims. *Hunter v. Amin*, 583 F.3d 486, 489 (7th Cir. 2009); *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 439 (7th Cir. 2005). This plaintiff has not done.

## I.     Claims Under the Age Discrimination Act

As he did twice before the OEC and once before this court, Sheskey complains that MMSD's policy of excluding individuals under age 50 from the Goodman-Rotary 50+ Fitness Program violates the Age Discrimination Act of 1975. The Age Discrimination Act provides that "no person in the United States shall, on the basis of age, be excluded

---

[24] Dkt. # 42, *Rohrer Aff*. Exh. G, Letter from OCR dated May 29, 2012, at 4.

7

from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102; 34 C.F.R. § 110.10.   Subject to notice and exhaustion of administrative remedies, the Act permits an "interested person" to bring an action in federal district court "to enjoin a violation" of the Act.   42 U.S.C. § 6104(e)(1).

Crucial to the present motion, however, damages are not available.   *See, e.g., Tyrrell v. City of Scranton*, 134 F. Supp. 2d 373, 383-84 (M.D. Pa. 2001) (holding that the Age Discrimination Act does not create a private right of action for damages).   Indeed, this later point is dispositive, since there is no dispute that Sheskey is now 50 years of age and, therefore, eligible to enroll in the 50+ Fitness Program.   Limited as he is to injunctive relief, MMSD naturally maintains that his claim under the Age Discrimination Act must be dismissed as moot.   The court agrees.

Article III of the Constitution limits federal court jurisdiction to cases or controversies that remain "live" throughout the lawsuit.   *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).   "Mootness is a threshold jurisdictional question" that requires a court to ensure a party maintains a "legally cognizable interest in the litigation" throughout all stages of review.   *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (citation omitted).   This means that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."   *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks and citation omitted).

The fact that a plaintiff at one point was entitled to pursue an action "makes no difference." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 626 (7th Cir. 2007).  "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (quoting *Lewis Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)).

The crux of Sheskey's complaint is that he was not allowed to enroll in the 50+ Fitness Program in 2005 based on his age.  Since this is no longer an impediment to Sheskey's enrollment, there is no chance that the age restriction will continue to have an adverse effect on Sheskey.  As a result, an injunction precluding MMSD from denying Sheskey's enrollment in the 50+ Fitness Program on the basis of his age would provide *no* redress to him.  Thus, Sheskey has lost his standing to proceed.  *See Milwaukee Police Ass'n v. Bd. of Fire & Police Comm'rs*, 708 F.3d 921, 932-33 (7th Cir. 2013) (finding claim for injunctive relief moot where plaintiff failed to demonstrate that the "ongoing policy . . by its continuing and brooding presence, cast[] . . . a substantial adverse effect on the interest of the petitioning parties" (internal citation and quotation marks omitted)).

Because Sheskey's claim is now moot, the case must be dismissed for lack of subject matter jurisdiction and the court need not reach any of MMSD's additional arguments for summary judgment.[25]

---

[25] MMSD argues further, and the court does not disagree, that Sheskey's complaint fails for the following additional reasons:   (1) Sheskey did not provide notice of this action and his request for relief to MMSD by registered mail at least 30 days before filing suit as required by 42 U.S.C. § 6104(e)(1) and 34 C.F.R. § 110.39(b)(3)(iii); (2) Sheskey delayed unreasonably in filing this

ORDER

IT IS ORDERED that:

1.  The parties' motions for summary judgment (dkt. ## 38, 44) are DENIED as moot.

2.  This case is DISMISSED without prejudice for lack of subject matter jurisdiction.

3.  The clerk of court is directed to close this case.

Entered this 2nd day of March, 2015.


BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

_____

lawsuit, which is based on events from 2005, and his claims are barred by limitations and/or the doctrine of laches as a result; and (3) Sheskey cannot prove that MMSD engaged in unlawful age discrimination when it implemented an over-50 age-based eligibility requirement for participation in the 50+ Fitness Program for reasons outlined previously by the district court in *Sheskey v. MMSD*, Case No. 06-cv-764-bbc. *See also* 34 C.F.R. § 110.16 ("If a recipient operating a program or activity provides special benefits to the elderly or children, the use of age distinctions is presumed to be necessary to the normal operation of the program or activity . . . ).